UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SIMONE BARTHOLOMEW,

       Plaintiff,

    - against -

MOUNT SINAI WEST and MOUNT SINAI
HEALTH SYSTEM,

       Defendants.
------------------------------------------------------------x

            **MEMORANDUM & ORDER**
            23-CV-3854 (PKC) (JRC)

PAMELA K. CHEN, United States District Judge:

  *Pro se* Plaintiff Simone Bartholomew ("Plaintiff"), a former employee of Defendants

Mount Sinai West and Mount Sinai Health System (together, "Defendants"), brings this action

primarily alleging violations of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17

("Title VII"), based on alleged religious discrimination in connection with Defendants' COVID-

19 vaccine mandate.  (Am. Compl., Dkt. 7 ("Am. Compl.") at 3–4.)  For the following reasons,

the Court dismisses this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for

failure to state a claim.

## BACKGROUND

  Defendants formerly employed Plaintiff as an Ambulatory Care Service Representative.

(Am. Compl. at 2.)  In approximately September 2021, after Defendants instituted a mandatory

COVID-19 vaccination requirement for employees pursuant to a New York regulation that

required certain medical personnel to be vaccinated for COVID-19, Plaintiff filed a request for a

religious exemption.  (*See id.* at 5, 10; *id.* at ECF 39.)[1]  Although the basis for Plaintiff's request

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing
system and not the document's internal pagination.

and the reasons for Defendants' denial are unclear from the Amended Complaint, Plaintiff alleges that she "grew up in a Christian home and [she] [has] always had a connection with Almighty God" and that "[her] faith is grounded on the word of God[,] [her] set of beliefs[,] and [her] prayer life." (*Id.* at 9, 13.)

On November 29, 2021, Defendants denied Plaintiff's religious exemption request. (*Id.* at 10.) That same day, Plaintiff filed a complaint with the EEOC.[2] (*Id.* at 6.) Plaintiff alleges that after she filed her EEOC complaint, Defendants shared Plaintiff's protected health information with the EEOC—namely, Plaintiff's "drug screen form ID for employment, drug specimen [number], location/name of drug screening facility[,] and [her] [date of birth]"—without Plaintiff's permission. (*Id.* at ECF 7, 17–18.) On December 14, 2021, Defendants notified Plaintiff that her employment would be terminated effective December 30, 2021, due to failure to comply with the COVID-19 vaccination requirement. (Pl.'s Opp'n, Dkt. 21 ("Pl.'s Opp'n") at ECF 45–46.)[3]

Plaintiff initiated this action on May 23, 2023. (Complaint, Dkt. 1.) Plaintiff filed an Amended Complaint, which is the operative complaint, on July 26, 2023. (*See* Am. Compl.) Plaintiff alleges that her termination based on non-compliance with the COVID-19 requirement

---

[2] Defendants argue that Plaintiff did not file her EEOC charge until May 3, 2022. (Defs.' Mem., Dkt. 20 ("Defs.' Mem.") at 9; *id.* at ECF 19–20.) For purposes of Defendant's motion to dismiss, however, the Court accepts as true the allegations contained in Plaintiff's Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Tyler v. City of Kingston*, 74 F.4th 57, 61 (2d Cir. 2023).

[3] Although the Amended Complaint does not specify when Plaintiff was terminated, the Court cites Plaintiff's termination notice, attached as Exhibit D to Plaintiff's response brief, (Pl.'s Opp'n at ECF 45–49), which the Court deems "integral" to Plaintiff's Amended Complaint, *see DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006))). The Court further deems each party's remaining attachments to either be incorporated by reference or integral to the Amended Complaint. (*See* Defs.' Mem. at ECF 18–21; Pl.'s Opp'n at ECF 25–50.)

2

constituted religious-based employment discrimination in violation of Title VII.  Plaintiff seeks

punitive damages, "all accrued back-pay, health coverage, [and] raises with interest[]."  (Am.

Compl. at 6.)

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim for relief pursuant to

Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)); *Tyler*, 74 F.4th at 61.  "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *Olson v. Major League*

*Baseball*, 29 F.4th 59, 71 (2d Cir. 2022).  "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678; *Honickman v. BLOM Bank SAL*, 6 F.4th 487, 495 (2d Cir. 2021).

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings

should be held "to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976));

*see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain

obligated to construe a *pro se* complaint liberally"); *see also Newsome v. Bogan*, 795 F. App'x 72,

72 (2d Cir. 2020) (summary order) (same).

## DISCUSSION

Under Title VII, to make out a prima facie case of religious discrimination, a plaintiff must

prove that: "'(1) he [or she] has a bona fide religious belief that conflicts with an employment

requirement; (2) he [or she] informed the employer of the belief; [and] (3) he [or she] was

disciplined for failure to comply with the conflicting employment requirement.'" *White v. Andy Frain Servs.., Inc.*, 629 F. App'x 131, 134 (2d Cir. 2015) (summary order) (citing *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)).  Additionally, an employer cannot be found to have engaged in religious discrimination under Title VII if the employer could not have "'reasonably accommodate[d]' the employee's religious needs without 'undue hardship on the conduct of the employer's business.'"  *See Philbrook*, 757 F.2d at 481 (quoting 42 U.S.C. § 2000e(j)).

Courts within the Second Circuit have found an undue hardship on an employer-defendant as a matter of law where an employee who seeks an exemption from the COVID vaccination requirement has a job that requires her to interact with patients and staff at the defendant's health care facility.  *See, e.g.*, *Smith v. NYS OMH S. Beach Psychiatric Ctr.*, No. 23-CV-4401 (PKC) (LB), 2024 WL 730492, at *3 (E.D.N.Y. Feb. 22, 2024); *St. Hillaire v. Montefiore Med. Ctr.*, No. 23-CV-4763 (PMH), 2024 WL 167337, at *2–4 (S.D.N.Y. Jan. 16, 2024) ("Defendant could not have accommodated [p]laintiff's request because [p]laintiff . . . was a person covered by [10 N.Y.C.R.R. § 2.61].  Had [d]efendant granted [p]laintiff's request for an exemption, it would have been in direct violation of New York State law, thus suffering an undue hardship."); *Conde v. Mid Hudson Reg'l Hosp. Med. Ctr.*, No. 22-CV-3085 (VB), 2024 WL 168282, at *7 (S.D.N.Y. Jan. 12, 2024) (denying Title VII relief to a patient-facing nurse who requested an exemption from her employer's vaccine mandate).  Given that "Title VII cannot be used to require employers to break the law," *Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, No. 22-CV-2929 (CS), 2023 WL 3467143, at *5 (S.D.N.Y. May 15, 2023) (collecting cases), courts have declined to analyze the elements of a prima facie case for religious discrimination in the context of COVID-19 vaccine mandates where a Title VII plaintiff's job required her to "engage in activities such that

4

if [she] [was] infected with COVID-19, [she] could potentially expose other covered personnel, patients or residents to the disease." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 274 (2d Cir. 2021) [hereinafter *We the Patriots I*], *opinion clarified*, 17 F.4th 368 (2d Cir. 2021) [hereinafter *We the Patriots II*], *cert. denied sub nom. Dr. A v. Hochul*, 142 S. Ct. 2569 (2022).

In this case, nothing in the Amended Complaint indicates that Plaintiff sought any accommodation other than a blanket exemption from the COVID-19 vaccination requirement. Consistent with the reasoning of the previously discussed cases, with which the Court agrees, the Court finds that Defendants could not have accommodated Plaintiff's purported religious objection to the COVID-19 vaccination requirement without breaking the law and thereby suffering an undue hardship. *See St. Hillaire*, 2024 WL 167337, at *2–4 (finding that "[h]ad [d]efendant granted [p]laintiff's request for an exemption, it would have been in direct violation of New York State law, thus suffering an undue hardship"); *Does 1-2 v. Hochul*, 632 F. Supp. 3d 120, 145 (E.D.N.Y. 2022) ("The sole 'accommodation' the plaintiffs seek—a religious exemption from the vaccine requirement—would impose an undue hardship on the Private Defendants because it would require them to violate state law."); *Conde*, 2024 WL 168282, at *8 (denying Title VII claim where court could not "conceive of an accommodation that would neither have violated [10 N.Y.C.R.R. § 2.61] nor resulted in an undue burden to [D]efendant"); *id.* at *7 ("Although the amended complaint frequently use[d] the term 'accommodation,' what plaintiff requested . . . was in fact an exemption from [the vaccine mandate] that would have allowed her to continue working in her patient-facing position while remaining unvaccinated."); *see also We the Patriots I*, 17 F.4th at 292 ("Title VII does not require covered entities to provide the accommodation that [p]laintiffs prefer— . . . , a blanket religious exemption allowing them to continue working at their current positions unvaccinated."). Thus, because Defendants cannot be found to have engaged in religious

5

discrimination under Title VII, the Court need not analyze the elements of Plaintiff's prima facie case for religious discrimination.

However, in light of Plaintiff's *pro se* status, "[i]t is 'appropriate . . . to consider [P]laintiff's additional materials,' including [Plaintiff's] . . . opposition memorandum." *Harvin v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 14-CV-5125 (CBA) (RER), 2018 WL 1603872, at *1 n.1 (E.D.N.Y. Mar. 30, 2018) (quoting *Burgess v. Goord*, No. 98-CV-2077 (SAS), 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999)), *aff'd*, 767 F. App'x 123 (2d Cir. 2019).  In her opposition memorandum, in contrast to the Amended Complaint, Plaintiff argues that Defendants "could have utilized [Plaintiff] to work remotely" given that "[t]here are portions of [her] job duties that . . . do not require an individual to be on site."  (Pl.'s Opp'n at 6.)  The Amended Complaint remains silent, however, as to whether Plaintiff sought such an accommodation, rather than an exemption.  *Cf. St. Hillaire*, 2024 WL 167337, at *3 (dismissing Title VII claim where plaintiff did not allege she requested an accommodation).

Assuming solely for the sake of argument that she did request an accommodation, Plaintiff nonetheless fails to state a prima facie case for religious discrimination under Title VII because Plaintiff has failed to allege "a bona fide religious belief that conflicts with an employment requirement."[4]  *See White*, 629 F. App'x at 134.  In the first instance, although Plaintiff asserts that

---

[4] Plaintiff also brings retaliation claims under Title VII and claims for "freedom of speech," "due process," and "invasion of privacy."  (Am. Compl. at 4, 11–12.)  These allegations are conclusory at best and fail to state a claim.  To the extent that Plaintiff frames her invasion of privacy argument as a violation of the Health Insurance Portability and Accountability Act ("HIPAA"), that claim fails because HIPAA does not confer a private right of action.  *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020); *Griffin-Robinson v. N.Y.C. Health & Hosps.*, No. 21-CV-4881 (LTS), 2021 WL 3287085, at *1 (S.D.N.Y. Aug. 2, 2021).  Although Defendants suggest that Plaintiff also brings a claim for disability discrimination under Title VII, the Amended Complaint does not assert such a claim and, in any event, the Court agrees with Defendants that Plaintiff fails to allege that she had a medical condition sufficient to meet the definition of a disability under applicable law.  (*See* Defs.' Reply, Dkt. 22 at 4–5.)

she "pray[ed] and [sought] the face of God" and consequently "decided not to take the [COVID-19] vaccination" because "there was a high possibility [she] could have suffered an adverse reaction," she fails to specify the "religious belief" that prevented her from getting vaccinated. (Pl.'s Opp'n at 5.)  But even if Plaintiff had specified the tenet of her belief that would be violated upon receiving a COVID-19 vaccine, Plaintiff does not allege that she conveyed that specific belief to her employer.[5]  *See White*, 629 F. App'x at 134 (affirming dismissal at summary judgment of Title VII claim where plaintiff failed to notify employer that his religious beliefs conflicted with his ability to work); *cf. Chinchilla v. N.Y.C. Police Dep't*, No. 23-CV-8986, 2024 WL 3400526, at *8 (S.D.N.Y. July 12, 2024) (holding that plaintiff sufficiently alleged she informed her employer of her religious belief, in case under New York human rights laws, where plaintiff's complaint "explain[ed] in detail her religious beliefs and how they conflict with receiving the COVID-19 vaccination").

Accordingly, the Court grants Defendants' motion to dismiss.

---

[5] In any event, Plaintiff's Title VII claims appear to be time-barred, although by not raising it, Defendants have waived it.  *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982) (noting that "compliance with the filing period [is] not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires").  A Title VII plaintiff has 90 days "from the plaintiff's receipt of a right-to-sue letter from the EEOC for the plaintiff to bring a civil action." *Joseph v. Athanasopoulos*, 648 F.3d 58, 64 n.5 (2d Cir. 2011). "In order to determine the date of receipt of the letter, 'normally it may be assumed . . . that a notice provided by a government agency has been mailed on the date shown on the notice' and 'that a mailed document is received three days after its mailing.'" *Orsaio v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 22-596, 2023 WL 3410554, at *1 (2d Cir. May 12, 2023) (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525–26 (2d Cir. 1996)).  The EEOC issued Plaintiff's notice on February 23, 2022, so the Court assumes that Plaintiff received the notice on February 26, 2022.  Plaintiff filed this case on May 23, 2023—451 days later—rendering her claims untimely.  (*See* Dkt. 1 at 7.)

**LEAVE TO AMEND**

Here, although the Court finds that the Amended Complaint does not currently allege "a bona fide religious belief that conflicts with an employment requirement," the Court grants Plaintiff leave to amend her complaint in light of "the special solicitude that we afford to a pro se litigant." *See Grief v. Quay*, 701 F. App'x 64, 65 (2d Cir. 2017) (summary order).  In the second amended complaint, Plaintiff must set forth facts to show that she has a bona fide religious belief that conflicts with an employment requirement, that she informed her employer of that belief, and that she requested an accommodation rather than an exemption.  Legal conclusions and conclusory allegations will not suffice.  Plaintiff must provide facts sufficient to allow Defendants to understand the basis for Plaintiff's claim, and may wish to attach documentary evidence to her second amended complaint, including the paperwork she submitted requesting a religious accommodation and a copy of the denial she received from her employer.

**CONCLUSION**

For all the foregoing reasons, the Court grants Defendants' motion to dismiss.  Given Plaintiff's *pro se* status, however, the Court grants her leave to file a second amended complaint within thirty (30) days of this Memorandum and Order.  If Plaintiff elects to file an amended complaint, it must be captioned "Second Amended Complaint" and bear the same docket number as this Memorandum and Order: No. 23-CV-3854 (PKC) (JRC).  The second amended complaint will replace the amended and original complaints and must therefore stand on its own without reference to any previous complaints.

All further proceedings shall be stayed for 30 days.  If Plaintiff does not file a second amended complaint within the time allowed or show good cause why she cannot comply, the Court shall direct the Clerk of Court to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: September 17, 2024
        Brooklyn, New York